Sean M. Sherlock (#161627)
Elizabeth M. Weldon (#223452)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
ssherlock@swlaw.com
eweldon@swlaw.com

Attorneys for Plaintiff
Advantage Battery Corp., Inc.

E filing

FILED
APR - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ADVANTAGE BATTERY CORP., INC., | CASE NO. C08-01827 BZ |
| Plaintiff, | Complaint for: |
| vs. | 1. Unjust Enrichment |
| STEELSCAPE, INC., | 2. Conversion |
| Defendant. | 3. Constructive Trust |
| | 4. Promissory Estoppel |
| | 5. Money Had and Received |
| | DEMAND FOR JURY TRIAL |

Plaintiff Advantage Battery Corp., Inc. ("Advantage") alleges the following as its Complaint against Defendant Steelscape, Inc. ("Steelscape"):

### JURISDICTION

1. This Court has jurisdiction over the subject matter of these claims because Advantage and Steelscape are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs, pursuant to 28 U.S.C. § 1332(a)(1).

Complaint

8700137

## INTRADISTRICT ASSIGNMENT AND VENUE

2. Assignment and venue is proper in this district because a substantial part of the property that is the subject of this action is situated in Contra Costa County, in the Northern District of California, Oakland Division. 28 U.S.C. § 1391(a)(2).

## PARTIES

3. Advantage is, and at all times herein mentioned was, a Delaware corporation, with its principal place of business located in Texas.

4. Steelscape is, and at all times herein mentioned was, a California corporation, with its principal place of business located in Washington.

## GENERAL ALLEGATIONS

5. Steelscape owns certain real property and the improvements thereon, including a steel factory, located at 2995 Atlas Road, Richmond, California, 94806 (the "Property").

6. In November, 2005, Steelscape began negotiating the sale of the Property to Advantage. At that time, Steelscape and Advantage were owned by a common parent company.

7. Steelscape and Advantage agreed upon a sale price of $17,084,000.00, but did not have a meeting of the minds on other terms of the sale, including without limitation, an environmental indemnity and environmental liabilities associated with the Property.

8. After agreeing upon a price for the sale of the Property to Advantage, Steelscape and Advantage began negotiating a written contract for the sale and exchanged drafts of the proposed contract.

9. Advantage is informed and believes that Steelscape requested Advantage to pay the agreed upon price for the Property before the agreement for the sale of the Property to Advantage was completed.

10. On November 22, 2005, Advantage wired $13,384,000.00 into a Steelscape account.

11. On January 30, 2006, Advantage wired an additional $3,700,000.00 into a Steelscape account (the money wired on November 22, 2005, and the money wired on January 30, 2006, is collectively referred to as the "Advantage Funds").

12. Advantage wired the Advantage Funds to Steelscape to pay for the Property.

13. Advantage wired the Advantage Funds to Steelscape in reliance on Steelscape's assurances that if Advantage did so, Steelscape would work with Advantage to enter into a mutually acceptable written contract for the sale of the Property to Advantage.

14. Advantage and Steelscape continued negotiating the terms of the written contract for the sale of the Property to Advantage, but never ultimately reached agreement on its terms. Indeed, there is no written contract concerning the sale of the Property executed by either Steelscape or Advantage and no writing that would comply with the Statute of Frauds for the sale of the Property to Advantage. On or about February 29, 2008, negotiations reached an impasse, and Advantage made a written demand for return of the Advantage Funds.

15. Steelscape has refused to return any portion of the Advantage Funds to Advantage.

16. Steelscape has never delivered a deed to the Property to Advantage, and has continued to enter the premises of the Property since November, 2005.

17. Steelscape and its agents have caused damage to the Property and have failed to remediate this damage.

18. Steelscape refuses to enter into a written agreement for the sale of the Property on terms acceptable to Advantage. Steelscape also refuses to return any portion of the Advantage Funds to Advantage.

## FIRST CLAIM FOR RELIEF

### (Unjust Enrichment)

19. Advantage realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 19, inclusive.

20. Advantage conferred a benefit on Steelscape, at Advantage's expense, by wiring the Advantage Funds to Steelscape.

21. Steelscape knew of the benefit that Advantage conferred on Steelscape in delivering the Advantage Funds to Steelscape.

22. Steelscape has no valid claim to the Advantage Funds because Steelscape did not deed the Property to Advantage and Advantage and Steelscape never reached an agreement for the sale of the Property to Advantage. Steelscape, however, has not returned the Advantage Funds to Advantage, despite Advantage's request to do so.

23. Under the circumstances, it would be unjust for Steelscape to retain the Advantage Funds.

24. As Steelscape has been unjustly and unfairly enriched at the cost and expense of Advantage and has a legal duty of restitution, Advantage is entitled to judgment against Steelscape in the amount of the Advantage Funds plus interest, or such other sum to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Conversion)

25. Advantage realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 25, inclusive.

26. Advantage is the rightful owner of the Advantage Funds.

27. Steelscape has no valid claim to the Advantage Funds because Steelscape did not deed the Property to Advantage, and Steelscape and Advantage did not reach an agreement for the sale of the Property to Advantage.

28. Despite having no valid interest in the Advantage Funds, Steelscape wrongfully holds dominion over those funds, refuses to return any portion of the funds to Advantage, and converted such sums for its own use and possession.

29. Advantage has been damaged by Steelscape's wrongful retention of the Advantage Funds in an amount equal to the amount of the Advantage Funds plus interest, or such other sum to be proven at trial.

### THIRD CLAIM FOR RELIEF

(Constructive Trust)

30. Advantage realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 30, inclusive.

31. Advantage is entitled to the return of the Advantage Funds because Steelscape never deeded the Property to Advantage, and Steelscape and Advantage did not reach an agreement for the sale of the Property to Advantage.

32. Steelscape has wrongfully detained the Advantage Funds without any justification for doing so.

33. As a result of Steelscape's wrongful detaining of the Advantage Funds, Steelscape is an involuntary trustee of the Advantage Funds for the benefit of Advantage. Advantage is entitled to have a constructive trust imposed on those funds and any property purchased by Steelscape with those funds.

### FOURTH CLAIM FOR RELIEF

(Promissory Estoppel)

34. Advantage realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 34, inclusive.

35. Steelscape promised to deed the Property to Advantage and work with Advantage to enter into a mutually acceptable written contract for the sale of the Property to Advantage if Advantage would pay Steelscape $17,084,000.00.

36. In reliance on Steelscape's promise, Advantage wired the Advantage Funds to Steelscape.

37. Steelscape did not fulfill its promise to Advantage.

38. Advantage has been damaged by its reliance on Steelscape's unfulfilled promise in an amount equal to the amount of the Advantage Funds plus interest.

### FIFTH CLAIM FOR RELIEF
### (Money Had and Received)

39. Advantage realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 39, inclusive.

40. Steelscape became indebted to Advantage in the amount of the Advantage Funds for money had and received by Steelscape for the benefit of Advantage.

41. Advantage has demanded payment from Steelscape, but Steelscape has not paid Advantage the amount of the Advantage Funds.

42. As Steelscape has not paid Advantage, there is now due and owing the amount of the Advantage Funds plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Advantage respectfully requests judgment against Steelscape as follows:

### FIRST CLAIM FOR RELIEF

1. For restitution in the amount of the Advantage Funds or such other sum to be determined at trial;

2. For an order awarding Advantage pre- and post-judgment interest as allowed by law; and

3. For an order awarding Advantage its costs of suit, including reasonable attorneys' fees, as allowed by contract or law;

4. For an order awarding such other and further relief that the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

1. For the value of the Advantage Funds converted, or such other sum to be proven at trial;

2. For damages for the proximate and foreseeable loss resulting from Steelscape's conversion, in a sum to be proven at trial;

3. For damages for time and money properly expended in pursuit of the converted property, in a sum to be proven at trial;

4. For an order awarding Advantage pre- and post-judgment interest as allowed by law;

5. For an order awarding Advantage its costs of suit, including reasonable attorneys' fees, as allowed by contract or law; and

6. For an order awarding such other and further relief that the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

1. For an order declaring Steelscape holds the Advantage Funds in trust for Advantage;

2. For an order declaring Advantage the owner of the Advantage Funds;

3. For imposition of a constructive trust for the benefit of Advantage;

4. For an order compelling Steelscape to convey the Advantage Funds to Advantage;

5. For an order awarding Advantage pre- and post-judgment interest as allowed by law; and

6. For an order awarding Advantage its costs of suit, including reasonable attorneys' fees, as allowed by contract or law;

7. For an order awarding such other and further relief that the Court deems just and proper.

8700137

Complaint

## FOURTH CLAIM FOR RELIEF

1. For damages in the amount of the Advantage Funds, or such other sum to be proven at trial;

2. For an order awarding Advantage pre- and post-judgment interest as allowed by law; and

3. For an order awarding Advantage its costs of suit, including reasonable attorneys' fees, as allowed by contract or law;

4. For an order awarding such other and further relief that the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

1. For damages in the amount of the Advantage Funds, or such other sum to be proven at trial;

2. For an order awarding Advantage pre- and post-judgment interest as allowed by law; and

3. For an order awarding Advantage its costs of suit, including reasonable attorneys' fees, as allowed by contract or law;

4. For an order awarding such other and further relief that the Court deems just and proper.

Dated: April 4, 2008                        SNELL & WILMER L.L.P.

By: ___[signature]___
Sean M. Sherlock
Elizabeth M. Weldon
Attorneys for Plaintiff Advantage Battery Corp., Inc.

8700137

Complaint
- 8 -

## DEMAND FOR JURY TRIAL

Plaintiff Advantage Battery Corp., Inc. demands trial by jury of all issues in this matter of which trial by jury is permitted.

Dated: April 4, 2008

SNELL & WILMER L.L.P.

By: _____
Sean M. Sherlock
Elizabeth M. Weldon
Attorneys for Plaintiff Advantage Battery Corp., Inc.

8700137

Complaint

- 9 -

3:08-CV-1827-BZ    ADR    ECF

§JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Advantage Battery Corp., Inc.

## DEFENDANTS
Steelscape, Inc.

**(b)** County of Residence of First Listed Plaintiff Tarrant County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Snell & Wilmer L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7699
Tel: 714.427.7000  Fax: 714.427.7799

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(1)
Brief description of cause:
Wrongful retention of money (unjust enrich., conversion, constructive trust, promissory estoppel, money had and rec'd.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 17,084,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 4-4-08
SIGNATURE OF ATTORNEY OF RECORD
Elizabeth Weldon

FAXED
ORIGINAL