Marc A. Fuller (#225462)
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone : 214.220.7700
Facsimile : 214.999.7776
mfuller@velaw.com

Attorneys for Defendant
Steelscape, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ADVANTAGE BATTERY CORP., INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>STEELSCAPE, INC.,<br><br>                    Defendant. | No. C08-01827 MMC<br>Hon. Maxine M. Chesney, Ctrm. 7<br><br>**DEFENDANT STEELSCAPE, INC.'S ORIGINAL ANSWER** |

Defendant Steelscape, Inc. ("Steelscape") files this Original Answer to the Complaint of Plaintiff Advantage Battery Corp., Inc. ("Advantage"):

### JURISDICTION

1.   Steelscape admits the jurisdictional allegations contained in ¶ 1.

### INTRADISTRICT ASSIGNMENT AND VENUE

2.   Steelscape admits the assignment and venue allegations contained in ¶ 2.

### PARTIES

3.   Steelscape lacks sufficient knowledge as to the truth of the allegations contained in ¶ 3, therefore denies them.

4.   Steelscape admits the allegations contained in ¶ 4.

## GENERAL ALLEGATIONS

5. Steelscape denies that it owns certain real property and improvements thereon, including a steel factory, located at 2995 Atlas Road, Richmond, California, 94806 (the "Property").

6. Steelscape lacks sufficient knowledge as to the truth of the allegations contained in ¶ 6, therefore, Steelscape denies them. Steelscape admits, however, that, at one point, Steelscape and Advantage were owned by a common parent company.

7. Steelscape admits the allegations contained in ¶ 7 regarding an agreed upon sales price for the Property, and denies the remaining allegations in ¶7.

8. Steelscape lacks sufficient knowledge as to the truth in the allegations contained in ¶ 8, therefore, Steelscape denies them.

9. Steelscape lacks sufficient knowledge as to the truth of the allegations contained in ¶ 9, therefore, Steelscape denies them.

10. Steelscape admits the allegations contained in ¶ 10.

11. Steelscape admits the allegation contained in ¶ 11.

12. Steelscape lacks sufficient knowledge to admit or deny the allegations contained in ¶ 12, therefore, Steelscape denies them.

13. Steelscape lacks sufficient knowledge as to the truth of the allegations contained in ¶ 13, therefore, Steelscape denies them.

14. Steelscape admits that on or about February 29, 2008, Advantage made a written demand for the return of the funds referenced in ¶¶ 10 and 11. Steelscape denies the remaining allegations contained in ¶ 14.

15. Steelscape admits the allegations contained in ¶ 15.

16. Steelscape lacks sufficient knowledge as to the truth of the allegations contained in ¶ 16, therefore, Steelscape denies them.

17. Steelscape denies the allegations contained in ¶ 17.

18. Steelscape denies the allegations contained in ¶ 18.

19. Paragraph 19 contains a recital for which no response is required.

20. Steelscape denies the allegations contained in ¶ 20.

21. Steelscape denies the allegations contained in ¶ 21.

22. Paragraph 22 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegation contained in ¶ 22.

23. Paragraph 23 contains legal conclusions to which no response it required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 23.

24. Paragraph 24 contains legal conclusions to which no response it required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 24.

25. Paragraph 25 contains a recital for which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 26.

27. Paragraph 27 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 27.

28. Paragraph 28 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 28.

29. Paragraph 29 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 29.

30. Paragraph 30 contains a recital for which no response is required.

31. Paragraph 31 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 31.

32. Paragraph 32 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 32.

33. Paragraph 33 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 33.

34. Paragraph 34 contains a recital for which no response is required.

35. Steelscape denies the allegations contained in ¶ 35.

36. Steelscape denies the allegations contained in ¶ 36.

37. Steelscape denies the allegations contained in ¶ 37.

38. Paragraph 38 contains legal conclusions to which no response is required; to the extent a response is required, Steelscape denies the allegations contained in ¶ 38.

39. Paragraph 39 contains a recital for which no response is required.

40. Steelscape denies the allegations contained in ¶ 40.

41. Steelscape admits the allegations contained in ¶ 41.

42. Steelscape denies the allegations contained in ¶ 42.

**PRAYER FOR RELIEF**

Steelscape admits that Advantage requests judgment in the unnumbered paragraph following the prayer for relief.

**FIRST CLAIM FOR RELIEF**

1. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 1 of the First Claim for Relief.

2. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 2 of the First Claim for Relief.

3. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 3 of the First Claim for Relief.

4. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 4 of the First Claim for Relief.

**SECOND CLAIM FOR RELIEF**

1. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 1 of the Second Claim for Relief.

2. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 2 of the Second Claim for Relief.

3. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 3 of the Second Claim for Relief.

4. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 4 of the Second Claim for Relief.

5. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 5 of the Second Claim for Relief.

6. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 6 of the Second Claim for Relief.

### THIRD CLAIM FOR RELIEF

1. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 1 of the Third Claim for Relief.

2. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 2 of the Third Claim for Relief.

3. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 3 of the Third Claim for Relief.

4. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 4 of the Third Claim for Relief.

5. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 5 of the Third Claim for Relief.

6. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 6 of the Third Claim for Relief.

7. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 7 of the Third Claim for Relief.

### FOURTH CLAIM FOR RELIEF

1. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 1 of the Fourth Claim for Relief.

2. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 2 of the Fourth Claim for Relief.

3. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 3 of the Fourth Claim for Relief.

4. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 4 of the Fourth Claim for Relief.

**FIFTH CLAIM FOR RELIEF**

1. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 1 of the Fifth Claim for Relief.

2. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 2 of the Fifth Claim for Relief.

3. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 3 of the Fifth Claim for Relief.

4. Steelscape denies that Advantage is entitled to the relief requested in subparagraph 4 of the Fifth Claim for Relief.

DATED this 6th day of August, 2008.

                    VINSON & ELKINS L.L.P.

By _____
    Marc A. Fuller
    Attorneys for Defendant
    Steelscape, Inc.

Of Counsel:

John C. Wander (*pro hac vice pending*)
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone : 214.220.7700
Facsimile : 214.999.7776
jwander@velaw.com

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that on the 6th day of August, 2008, a true copy of the foregoing pleading was served on each and every attorney of record herein by email and first class mail:

> Sean M. Sherlock
> Elizabeth M. Weldon
> Snell & Wilmer L.L.P.
> 600 Anton Blvd., Suite 1400
> Costa Mesa, CA  92626-7689
>
> Timothy G. O'Neill
> James D. Kilroy
> Snell & Wilmer L.L.P.
> 1200 Seventeenth Street, Suite 1950
> Denver CO, 80202

*[Signature]*

Dallas 1403160v.1

**DEFENDANT STEELSCAPE, INC.'S ORIGINAL ANSWER, CASE NO. C08-01827 MMC** – Page 8

