Timothy G. O'Neill (admitted *pro hac vice*)
James D. Kilroy (admitted *pro hac vice*)
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile:  (303) 634-2020
toneill@swlaw.com

Sean M. Sherlock (#161627)
Elizabeth M. Weldon (#223452)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626-7689
Telephone: (714) 427-7000
Facsimile:  (714) 427-7799
eweldon@swlaw.com
Attorneys for Plaintiff
Advantage Battery Corp., Inc.

Marc A. Fuller (#225462)
VINSON & ELKINS
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone:  (214) 220 -7700
Facsimile:  (214) 220-7716
mfuller@velaw.com
Attorneys for Defendant
Steelscape, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANTAGE BATTERY CORP., INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>STEELSCAPE, INC.,<br>            Defendant. | CASE NO. C08-01827 MMC<br>Honorable Maxine M. Chesney<br><br>**Joint Case Management Statement**<br><br>Complaint Filed:  April 4, 2008<br>Trial Date:  No Date Set |

1    Plaintiff Advantage Battery Corp., Inc. and Defendant Steelscape, Inc. have

2    met and conferred under Federal Rule of Civil Procedure Rule 26, Civil Local Rule

3    16-9, and the Court's Case Management Conference Order.  The parties hereby

4    report to the Court as follows:

5        1.    Jurisdiction and Service:

6    The parties agree that the Court has original jurisdiction of this civil action

7    under 28 USC §1332 (Diversity). The parties further agree that there are no issues

8    regarding personal jurisdiction or venue. All parties to the action have been served

9    and have appeared.

10       2.    Facts:

11   This litigation arises out of a proposed real estate transaction in which

12   Steelscape was negotiating to sell a parcel of real property to Advantage.

13   Steelscape acquired the Property in 2002 and remains the record owner to this date.

14   Negotiations were initiated in November 2005 for sale of the Property by

15   Steelscape to Advantage.  At that time, Steelscape and Advantage were owned by a

16   common parent company.  Funds were wire-transferred from Advantage to

17   Steelscape on November 22, 2005 in the amount of $13,384,000.  A second wire

18   transfer of funds from Advantage to Steelscape occurred on January 30, 2006 in the

19   amount of $3,700,000.  Total funds transferred from Advantage to Steelscape

20   amount to $17,084,000.

21   Advantage alleges that after initiation of these discussions, efforts were

22   undertaken between Steelscape and Advantage to negotiate a written contract for

23   sale.

24   Advantage alleges that during this period of time, Steelscape's conduct

25   caused damage to the Property adversely affecting its value and marketability.

26   Advantage alleges that some of the conduct has given rise to environmental issues.

27   While negotiations continued in an effort to address some of the alleged concerns

28   caused by Steelscape's alleged conduct, Advantage contends no written contract

1    has ever been signed by the parties. Steelscape, on the other hand, contends the
2    parties had an enforceable agreement to sell the Property. Steelscape contends this
3    is reflected by the payments described here and by documents exchanged between
4    the parties. Advantage denies Steelscape's contentions. Title to the Property has
5    not been conveyed by Steelscape to Advantage. Steelscape remains in possession
6    of the $17,084,000.

7         Advantage seeks a return of the funds paid to Steelscape, among other
8    damages and requested relief. Steelscape denies that Advantage is entitled to a
9    return of the funds paid to Steelscape, among other damages and requested relief.
10   Steelscape has not raised affirmative defenses, but reserves its right to do so,
11   pending initial discovery. Advantage does not concede that Steelscape has a right to
12   raise affirmative defenses pending discovery, and Advantage reserves its ability to
13   object to later-raised affirmative defenses.

14        3.    Legal Issues:

15        The parties agree that California law applies to this action. At this early stage
16   of the litigation, the parties have not yet identified any disputed points of law, other
17   than their disagreement over whether Advantage is entitled to the relief it seeks in
18   this action.

19        4.    Motions:

20        There are no prior or pending motions in the case. The parties reserve their
21   respective rights to file dispositive or other motions as may be appropriate or
22   necessary.

23        5.    Amendment of Pleadings:

24        Steelscape seeks an October 1, 2008 deadline to file amended pleadings
25   without leave of court or stipulation with Advantage. Advantage is not informed of
26   the nature of Steelscape's proposed amended pleadings. Thus, Advantage objects
27   to Steelscape's request of a deadline of October 1, 2008 to file amended pleadings
28   without leave of court or stipulation of Advantage, though it is willing to meet and

1 | confer on the proposed amended pleadings.:

2 |     Notwithstanding Steelscape's request for an October 1, 2008 deadline for

3 | filing amended pleadings without leave, the parties propose a February 2, 2009

4 | deadline for filing any motions or stipulations to request any amendment of the

5 | pleadings.

6 |     6.    <u>Evidence Preservation</u>:

7 |     Counsel agree that they will advise each of their clients to preserve all

8 | discoverable information. The parties agree that electronic information should be

9 | preserved and should be produced in paper form, but such information may be

10 | produced electronically if it is voluminous or if the parties otherwise agree.

11 |     7.    <u>Disclosures</u>:

12 | The parties will exchange initial disclosures by September 12, 2008.

13 |     8.    <u>Discovery</u>:

14 |     The parties have not yet conducted discovery, but have conducted some

15 | settlement discussions which included informal exchange of information. The

16 | parties propose the following items as a discovery plan pursuant to Rule 26(f)(3):

17 |     (a)    **Changes in Disclosures**

18 |     Advantage and Steelscape agree, that at this time, there appears to be

19 | no need to modify the initial disclosure procedures.

20 |     (b)    **Initial Disclosures**

21 | The parties will exchange initial disclosures by September 12, 2008.

22 |     (c)    **Subjects On Which Discovery May Be Needed**

23 |     The parties believe that discovery is needed on at least the following

24 | topics:

25 |     (i)    Negotiations and communications between the parties

26 | regarding the property and the sale of the property;

27 |     (ii)    Drafts of any contracts between the parties;

28 |

1              (iii)    The status and condition of the real property at issue in
2    this case;
3              (iv)    The parties' business records regarding the property;
4              (v)     The parties' corporate relationships;
5              (vi)    Steelscape's retention of amounts paid to it;
6              (vii)   Status of ownership of property.
7         (d)    **Discovery in Phases or Otherwise Limited**
8              The parties agree, that at this time, there appears to be no need to
9    conduct discovery in phases or limit discovery beyond any limitations provided by
10   the discovery rules.
11        (e)    **Issues Relating to Disclosure of Discovery of Electronically**
12   **Stored Information (including forms in which should be produced)**
13             The parties agree that electronic information should be produced in
14   paper form, but such information may be produced electronically if it is voluminous
15   or if the parties otherwise agree.
16        (f)    **Issues Relating to Claims of Privilege or Protection of Trial**
17   **Preparation Material**
18             The parties are not aware of a need for a protective order at this time,
19   but will later submit a proper motion or stipulation, as well as a proposed protective
20   order, if such order becomes necessary.
21        (g)    **Changes In the Limitations On Discovery**
22             The parties agree, that at this time, there appears to be no need to
23   modify the limitations on discovery.
24        (h)    **Other Discovery Orders**
25             Plaintiffs and Defendants agree that at this time there appears to be no
26   need for other discovery orders.
27   9.    Class Actions:
28        Not applicable.

1       10.     Related Cases:

2       There are no related cases.

3       11.     Relief:

4       On all claims for relief, Advantage seeks the return of or an award of

5   damages in at least the amount of the funds it paid to Steelscape ($17,084,000.00),

6   plus any other damages that may be proven at trial (like damages for time and

7   money expended in pursuit of the funds given to Steelscape, damage to the

8   property, diminution in value of the property, adverse consequences on the

9   marketability of the property). Plus, on all claims for relief, Advantage seeks pre-

10  and post-judgment interest as allowed by law, as well as its costs of suit, including

11  reasonable attorneys' fees allowed by contract or law. On the constructive trust

12  claim for relief, Advantage also seeks an order declaring that Steelscape holds the

13  funds in trust for Advantage, declaring Advantage the owner of the funds, imposing

14  a constructive trust, and compelling Steelscape to convey the funds to Advantage.

15  Steelscape denies Advantage's claims to any of the described relief.

16      12.     Settlement and ADR:

17      The parties have participated in settlement discussions, but have not yet

18  reached a settlement agreement.  The parties agree that the case is best suited for a

19  private mediation.  The parties are concurrently filing a stipulation and proposed

20  order selecting ADR process in accordance with Civil L.R. 16-8 and ADR L.R. 3-5.

21      13.     Consent to Magistrate Judge for All Purposes:

22      The parties do not consent to a Magistrate Judge for all purposes.

23      14.     Other References:

24      The parties do not believe that the case is suitable to binding arbitration, a

25  special master, or the Judicial Panel on Multidistrict Litigation.

26      15.     Narrowing of Issues:

27      The parties have not identified any issues that may be narrowed by

28  agreement or motion, but will explore the prospects of narrowing the issues at trial

1  and expediting and/or streamlining the presentation of evidence.

2

3      16.    Expedited Schedule:

4          The parties do not believe that an expedited schedule is appropriate for this

5  case.

6      17.    Scheduling:

7          The parties agreed to propose the below schedule to the Court.  In addition to

8  the dates below, Steelscape seeks a deadline of September 15, 2008 to file third-

9  party complaints without leave of court or stipulation of Advantage.  Without

10 knowing the nature of Steelscape's third-party claims, Advantage does not

11 anticipate that it will oppose this request.  Also, Steelscape seeks a deadline of

12 October 1, 2008 to file amended pleadings without leave of court or stipulation of

13 Advantage.  Advantage is not informed of the nature of Steelscape's proposed

14 amended pleadings.  Thus, Advantage objects to Steelscape's request of a deadline

15 of October 1, 2008 to file amended pleadings without leave of court or stipulation

16 of Advantage, though it is willing to meet and confer on the proposed amended

17 pleadings.:

18      **Joint Proposed Schedule**

19          a.    Motions for Leave to Amend Pleadings:  February 2, 2009.

20          b.    Discovery cut-off (all written discovery must be served timely,

21 such that responses are due on or before this deadline): July 1, 2009.

22          c.    Meditation:  July 15, 2009.

23          d.    Motion filing cut-off: August 3, 2009.

24          e.    Expert witness designations:

25                (1)    Plaintiff's Initial: May 15, 2009.

26                (2)    Defendant's Initial: June 15, 2009.

27                (3)    Plaintiff's Supplemental: June 29, 2009

28                (2)    Defendant's Supplemental: July 13, 2009.

1                  (3)    Expert discovery cut-off: August 3, 2009.

2            f.     Pretrial Conference: August 17, 2009.

3            g.    Trial: September 14, 2009.

4      18.   <u>Trial</u>:

5 Advantage demands a jury and the parties anticipate the case will be tried in

6 10 days.

7      19.   <u>Disclosure of Non-Party Interested Entities or Persons</u>:

8 The parties have filed their respective "Certification of Non-party Interested

9 Entities or Persons" in accordance with Civil Local Rule 3-16. Pursuant to the

10 Court's Standing Order, the parties restate that the following persons and entities

11 may have either (i) a financial interest in the subject matter in controversy or in a

12 party to the proceeding, or (ii) an interest that could be substantially affected by the

13 outcome of this case:

14         1.     Advantage Battery Corp., Inc.;

15         2.     Verzatec S.A.B. de C.V.;

16         3.     Steelscape, Inc.;

17         4.     BlueScope Steel North America Corporation;

18         5.     IMSA Acero S.A. de C.V.;

19         6.     Ternium S.A. de C.V.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    20.    <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive</u>

2           <u>Disposition of this Matter</u>:

3    None known at this time.

4

5    Dated: August 22, 2008           SNELL & WILMER L.L.P.

6                          By:  _____

7                               Elizabeth Weldon

8                               Attorney for Plaintiff
                                Advantage Battery Corp., Inc.

9

10   Dated: August ___, 2008          VINSON & ELKINS

11

12                         By:  _____
                               Marc A. Fuller

13                              Attorney for Defendant
                                Steelscape, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement
                                  Case No. C 0801827 MMC

1    20.    <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive</u>

2            <u>Disposition of this Matter</u>:

3    None known at this time.

4

5    Dated: August ___, 2008            SNELL & WILMER L.L.P.

6
                                   By:   _____
7
                                        Elizabeth Weldon
8                                       Attorney for Plaintiff
                                        Advantage Battery Corp., Inc.
9

10   Dated: August 22, 2008            VINSON & ELKINS

11
                                   By:   _Marc Fuller_____
12
                                        Marc A. Fuller
13                                      Attorney for Defendant
                                        Steelscape, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9001491.3

Joint Case Management Statement
Case No. C 0801827 MMC